*1385 OPINION.
Siefkin :
The question is whether income of $2,695.31 is income of the petitioner or not. It is admitted by the pleadings that “ the income from this trust fund, amounting to $2,695.31 for the year 1922 ” was not included in the petitioner’s return for 1922, and that the respondent added it. The parties are at cross purposes in their briefs. The petitioner argues that, since the only averment of fact which the respondent denies is the one that the income was actually distributed semiannually in accordance with the terms of the instrument, and that fact having been proved, nothing remains under section 219 (a) (4) and (d) of the Revenue Act of 1921 except to hold that the income is not taxable to the petitioner. This conclusion is based upon the language of the statute above as construed by us in Scripps, et al, 1 B. T. A. 491, and Mary L. Barton, Trustee, 5 B. T. A. 1008, and as now construed by the Bureau of Internal Revenue in article 342 of its Regulations 65 and 69. This construction makes the test as to whether a trust is taxable to the trustee or the beneficiary, dependent on whether distribution is actually made rather than whether the trustee has discretion to distribute or not. If this were the only question we might hold for the petitioner without further words, but the respondent’s position, as set out in his brief, is based upon another ground. It is that no valid trust resulted from the instrument set out in our findings. This proposition is based on thé argument that the property subject to the trust is not described or identified with sufficient certainty to create a valid enforceable trust. This position has doubtful force in view of the respondent’s admission of the allegations of the petition which state that “ petitioner in writing declared himself trustee of certain securities, amounting to $80,600,” and in view of the evidence which seems to us to indicate with some certainty that the securities were identified and segregated. We conclude that the respondent was in error in adding the income therefrom to the petitioner’s income.

Judgment will be entered umder Bule SO.